**Jacob Wempi SILLUETA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–76648.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 13, 2007.

Armin Skalmowski, Law Office of Armin Skalmowski, Alhambra, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and *is not precedent except as provid*ed by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Hillel R. Smith, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Paul S. Monsky, Esq., Office of Immigration Litigation, Civil Division, Washington, DC, for Respondent.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

### MEMORANDUM [**]

Jacob Wempi Sillueta, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' decision adopting and affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the IJ's adverse credibility determination because the IJ relied on an inconsistency in petitioner's testimony regarding the current safety of petitioner's family in Indonesia that goes to the heart of petitioner's claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Accordingly, petitioner's asylum claim is denied.

Because petitioner failed to establish eligibility for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence also supports the IJ's denial of CAT relief. *See id.* at 1156–57.

### PETITION FOR REVIEW DENIED.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

